KELLER et al, Respondents v. GARNEAUX et al, Appellants.

(166 N. W. 305.)

(File No. 4187.  Opinion filed February 5, 1918.

Specific Performance—Land Sale—Balance of Purchase Money, Non-
    payment of—Authorization of Indefinite Sight Draft, Ef-
    fect, re Performance.

Where, under a written contract of sale of realty, purchasers
paid $100 down and agreed to pay $1300 cash at a certain
bank on or before a given date, and vendor appeared at the
bank on the due date with a deed to the land and inquired
if any money had been left there for him, receiving a negative
reply, the purchasers not having appeared at the bank, but
at most telephoned the bank on said date, authorizing it to
draw a sight draft on them, it not appearing that such draft
was to be for the amount necessary to take up the deed, nor
that the proceeds thereof were to be used for that purpose,
nor that the bank was directed to use such proceeds for that
purpose, nor that the drawing of the draft had any connection
whatever with said land transaction; and said purchasers are
not entitled to specific performance; since a party cannot en-
force specific performance of a contract, unless he himself has
first in good faith performed or offered to perform his part.

Appeal from Circuit Court, Tripp County.  Hon. WILLIAM
WILLIAMSON, Judge.

Action by Joseph D. Keller and another, against Joseph
Garneaux, Sr., and another to enforce specific performance of a
contract for sale of realty.  From a decree for plaintiffs and
from an order denying a new trial, defendants appeal.  Re-
versed.

*Roscoe Knodell,* and *R. H. Molitor,* for Appellants.

*W. J. Hooper,* for Respondents.

POLLEY J.  In this action plaintiff seeks specific performance of a contract for the sale of a quarter section of land in
Tripp county.  Plaintiffs are real estate dealers in that county,
and the defendant Garneaux is an Indian, over 70 years of age,
and unable to read or write.  The contract was entered into
on the 10th day of September, 1915, and, by its terms, Gar-
neaux agreed to sell said land to plaintiffs for the alleged price
of $2,400—$100 of which was paid when the contract was ex-
ecuted, and the balance was to be paid as follows:

"One thousand dollar mortgage on land which parties of

the second part [plaintiffs] assume and agree to pay, $1,300 cash in hand on or before November 1, 1915."

Said contract contained the further provision:

"All of said deferred payments are payable at the First State Bank of Wood, S. D. * * * As soon as said purchase money and the interest thereon shall be fully paid, said party of the first part agree to make, execute and deliver to said parties of the second part, a good and sufficient warranty deed conveying said real estate to the purchasers in fee simple, free of all incumbrances, except as to taxes for the year 1915, and subsequent taxes; also an abstract of title for said premises. In case said parties of the second part shall refuse, neglect or fail to pay said purchase money and interest, as above stated, and agreed, including taxes, they shall forfeit any and all money paid on the purchase price of the same, unless said party of the first part shall elect otherwise."

On the said 1st day of November, 1915, the Indian called twice at the First State Bank of Wood—once as late as 5 o'clock in the evening. He had with him the deed called for by the terms of the contract, but not the abstract of title. He inquired if any money had been left at the bank for him, and was informed that no money had been left for him. On the following day, he entered into a contract to sell the said land to the defendant Week. It does not appear that either of the plaintiffs went to the said bank on said date, nor that they deposited money there with which to pay for said land, nor that they left any instructions relative thereto at said bank. Neither did they ever pay nor offer to pay, Garneaux for said land, nor demand of him the said deed or abstract; but at 8 a. m. on the morning of the 1st day of November, 1915, they filed the said contract for record in the office of the register of deeds of Tripp county.

The trial court made findings of fact and conclusions of law favorable to plaintiffs, and entered a decree directing the defendant Garneaux to execute and deliver to plaintiffs a deed conveying to them the title to said land. From this decree, defendants appeal.

Numerous errors are assigned by appellant, but, under our view of the case, it is not necessary to take up these assignments in detail. A party cannot enforce specific performance of a con-

tract, unless he himself has first, in good faith, performed, or offered to perform, his part of the said contract. This respondents did not do. The most they claim is that they telephoned to the bank on that day and authorized the bank to draw a sight draft on them but it does not appear that such draft was to be for the amount necessary to take up the deed in question, nor that the proceeds thereof were to be used for that purpose, nor that said bank was directed to use such proceeds for that purpose, nor, indeed, that the drawing of such sight draft had any connection whatever with the said land transaction. This does not amount to a performance of the contract, nor an offer to perform on the part of the plaintiffs, such as entitles them to the aid of a court of equity in compelling specific performance.

The judgment appealed from is reversed.