KELLER, et al, Respondents, v. GARNEAUX, et al, Appellants.

(180 N. W. 779.)

(File No. 4769.   Opinion filed January 7, 1921.)

**1.  Specific Performance—Recovery Re, Necessity Of Plaintiff's Good Faith Performance.**

As formerly held in this case on former appeal (40 S. D. 53, 166 N. W. 305,) a party cannot enforce specific performance unless he has first in good faith performed or offered to perform his part of the contract.   And while on second trial plaintiffs introduced more evidence than on the former, yet they have failed to show such performance or offer to perform on their part.

**2.  Specific Performance—Land Sale, Time of Essence, Final Purchase Payment On Specified Date With Interest, Deed Deliverable Thereon—Payment a Condition Precedent, Not Concurrent.**

Where a land sale contract provided among other things that vendee should assume a mortgage on the land, and final balance of purchase money to be paid on a specified date with interest, time being of essence of the contract, which further provided that upon such payment vendors would deliver deed and abstract of title, held, that vendee's right thereunder terminated on the specified date, should he fail to perform; and such performance was not a condition concurrent with, but one precedent to, any performance on vendors' part.

**3.  Same—Non-payment On Specified Date, Attempted Later Payment at Another Bank, Futility Of.**

In said transaction, purchasers failed to pay balance of purchase money on the specified date; but on said date through plaintiff's direction, the cashier of a bank at which the money was payable drew on a bank at W for a sum slightly less than due, this after the draft was accepted by phone message by drawee bank president; cashier of drawer bank, without authority from vendors, having transmitted to W bank a copy of the contract and a deed which vendors had left with it, this with instructions to deliver deed on payment of the amount due with interest; on due date one of purchasers requested the bank at which the balance was payable to draw on them at W for the amount due and to send draft to W bank for collection, which was done, the draft not reaching destination until after said due date, payment being then refused by vendors; while the bank at which balance was payable made a book entry concerning the matter, there was never any cash or entry to credit of vendors in said bank on the due date, upon basis of which

he could have there procured the amount due him, the cashier's entry of credit being only to the "transient account," no deposit being made in favor of anyone; vendors having been informed on due date that the money was not at said bank. **Held,** that when purchasers requested W bank to exceed its authority under the contract, it should have seen to it that the situation was such that vendor could get his cash at other. bank on due date. Moreover, there was no money in W bank to purchaser's credit, the sight draft being dishonored. Plaintiffs, vendees, cannot enforce ' specific performance; nor is plaintiffs' claim that the reason for non-payment of the draft was because vendors, on the date succeeding the due date, . contracted for sale of the land to his co-defendant, material.

Appeal from Circuit Court, Tripp County. Hon. WILLIAM WILLIAMSON, Judge.

Action by Joseph D. Keller and another, against Edward Garneaux, as executor of the estate of Joseph Garneaux, Sr., deceased, and another, to enforce specific performance of a contract for sale of land. From a judgment for plaintiffs, and from an order denying a new trial, defendants appeal. Reversed.

*J. L. Hannett,* and *Roscoe Knodell,* for Appellants.

*W. J. Hooper,* for Respondents.

(2) To point two of the opinion, Respondent cited: Kreutzler v. Lynch, et al 100 N. W. 887; Sizer v. Clark, 116 Wis. 534, 542, 93 N. W. 539.

WHITING, J. This cause has been before this court on an appeal from a judgment rendered on a former trial, our opinion being reported in Keller v. Garneaux, 40 S. D. 53, 166 N. W. 305. Reference is made thereto for a statement of the facts as they then appeared and for the views then announced by this court. Upon a second trial findings, conclusions, and judgment were entered in favor of plaintiffs, and from such judgment and an order denying a new trial this appeal was taken.

Plaintiffs seek the specific performance of a written contract for the sale of land entered into between defendant Garneaux as vendor and themselves as vendees. In reversing the first judgment of the trial court, which judgment, like the present, was in favor of plaintiffs, this court said:

"A party cannot enforce specific performance of a contract, unless he himself has first, in good faith, performed, or offered to perform, his part of the said contract."

[1]  And we held that plaintiffs had failed to perform or offer to perform their covenants contained in said contract. While there was more evidence introduced on the part of plaintiffs upon the second trial than on the former, we are of the opinion that they again failed to show that they had performed or offered to perform their part of the contract. This contract was entered into in September, 1915. The agreed purchase price of the land was $2,400; $100 was paid in cash at time of execution of contract; a mortgage of $1,000 was to be assumed; balance, $1,300, was to be paid on or before November 1. This deferred payment was payable at the office of First State Bank of Wood, S. D., and bore interest at the rate of 7 per cent. per annum and time was of the essence of the contract. The provision in said contract under which the deferred payment was to be made at the First State Bank of Wood was inserted therein upon the express demand of the defendant Garneaux, who refused to consent to a provision allowing the deal to be closed at Winner. The contract also provided that:

"As soon as said purchase money and the interest thereon shall be fully paid, said party of the first part agrees to make, execute, and deliver * * * a good and sufficient warranty deed, * * * also an abstract of title for said premises."

[2]  It will be seen from the above that plaintiffs' rights, under such contract, would terminate on November 1, 1915, in case of their failure to perform such contract in accordance with its terms, and that such performance on their part was not a condition concurrent with, but a condition precedent to, any performance on the part of Garneaux.

The sole question before us upon this appeal, as upon the former, is whether plaintiffs, on November 1, performed their part of said contract. The trial court found:

That plaintiffs "did not pay to the said Joseph Garneax on or before November 1, 1915, the sum of $1,300 in accordance with the terms of said contract."

But the trial court further found:

"That on November 1, 1915, through the direction of the plaintiffs, G. L. Watson, cashier of the First State Bank of Wood, made a draft on the Lamro State Bank of Winner, S. D., for the sum of $1,295; that before making such draft he called up the

president of the Lamro State Bank, and the draft was accepted by the said officer of said bank, and there was deposited to the credit of said Joseph Garneaux, Sr., said amount."

The trial court found that Garneaux never furnished the abstract of title, and that $1,295 was the balance due Garneaux. The only basis for the finding that $1,295 was due on November 1, was that such amount was the balance after crediting plaintiffs with the cost of procuring an abstract. As a matter of fact this amount failed to include the interest since the contract was entered into.

[3] Defendant Garneaux was entitled to receive this money at the bank at Wood on November 1, unless he did something whereby he waived his right under the contract, and, if such money was not at such bank for him on that date, the contract ceased to be binding upon him, leaving to him the right to make such other disposition of the land as he might see fit. It appears from the evidence that on October 31, the bank of Wood received a request from one of the plaintiffs asking that it send to the bank at Winner the papers necessary for the closing of this contract. The cashier of the Wood bank, without any authority whatsoever from defendant so to do, transmitted to the Winner bank a copy of the contract and a deed which Garneaux had executed and left with it. It sent same to the bank of Winner with instructions to deliver the deed on payment of the $1,300 and interest. Upon the next day, November 1, the plaintiff Keller phoned from Winner to the bank at Wood and requested the bank to draw a sight draft on plaintiffs for the amount due on the contract and to send such draft to the bank at Winner for collection. The cashier of the bank at Wood telephoned to the bank at Winner and said bank "O. K.'d" such draft. Thereupon the bank at Wood made such a sight draft and sent it through the regular course of exchange, but it never reached the bank at Winner until long after November 1, and payment was then refused by plaintiffs. The bank at Wood made upon its books an entry referring to this matter, but it is clear that there never was any cash or entry to the credit of Garneaux in such bank on November 1, such that, if he had known all the above facts, he could have procured the amount due him at the bank at Wood. The most the bank at Wood did was to credit what its cashier termed

the "transient account" with the amount of such draft, but he said he "never made any deposit in favor of any particular person." Twice on November 1 Garneaux called at the bank to see if the money had been paid, and at both times he was advised that it had not, and was not advised of any of the above-mentioned acts of the cashier of the Wood bank. It is clear that, when plaintiffs saw fit to ask the bank at Wood to exceed its authority under the contract, it was incumbent on it to see that the situation was such that Garneaux could get his cash at the Wood bank of November 1. Even had there been money in the Winner bank to meet the draft, yet there would have been none in the Wood bank to the credit of Garneaux until the draft had been paid and the Wood bank had received the proceeds. As a matter of fact the evidence shows that the plaintiff Keller, who asked that the sight draft be drawn, had no money at the Winner bank, and the sight draft was eventually dishonored. Plaintiffs claimed that the reason for the dishonor of the draft was because defendant on November 2 entered into a contract for the sale of this land with his codefendant. This fact is clearly immaterial, because plaintiffs' rights are controlled by what they did or failed to do on November 1. What they did or what they learned after that date is wholly immaterial.

The judgment and order appealed from are reversed.